### WHITT v. STATE.

Division B. Feb. 12, 1951.

No. 37791 (50 So. (2d) 385)

**Calvin R. King,** for appellant.

**Joe T. Patterson,** Assistant Attorney General, for appellee.

**Hall, J.**

Appellant was convicted of the murder of Ruby Nell Harris, a little girl of the age of four years, and, the

jury being unable to agree on his punishment, was sentenced to a life term in the penitentiary.

The evidence discloses facts upon which the jury was justified in finding that the appellant, together with his brother Malcum Whitt, and Leon Turner, escaped from the jail of Attala County while being held as prisoners therein on charges of burglary and the unlawful possession of intoxicating liquor, and after their escape armed themselves with deadly weapons,—the appellant with a shotgun, his brother with a rifle, and Turner with an automatic pistol,—and at about 11 p. m. on January 8, 1950, went to the home of Thomas Harris after he and his family had retired for the night; that appellant stood guard with the shot gun at the rear door of the house and by the use of that weapon prevented the escape of any of the occupants by the rear entrance to the house, threatening them with death if they came out the door; that his brother stood guard elsewhere with the rifle; that Leon Turner broke into the house and inflicted critical injuries upon Harris by a pistol wound in the back, shot and killed Ruby Nell Harris and two other members of the family, and wounded still another. Harris' wife and another child escaped out the front door during the course of this cold-blooded, heartless and dastardly butchery, in which appellant actively participated.

Only one error is assigned on this appeal. Thomas Harris testified that when Turner entered the house he tried to escape through the rear door; when he opened the door appellant was standing just outside with a shotgun and threatened to kill him if he came out; shortly afterward Turner shot Harris in the back and he fell to the floor; he testified that Turner is the person who shot him; he did not testify that Turner is the one who shot Ruby Nell who was in another room where Harris could not see. Near the close of the case Harris was recalled by appellant for further cross-examination and was asked whether he talked with one Allie Ellington

while in the hospital; he said that he might have; he was asked if he did not tell Ellington that he did not know who shot him, and he said he didn't know, that he might have told him that, that he wouldn't say he didn't tell him, that he was suffering and under the influence of morphine and had no recollection of what occurred in the hospital. Ellington was then offered as a witness for appellant and sought to testify that Harris had told him in the hospital that he did not know who shot him, but on objection of the prosecution this evidence was excluded. The assignment of error is directed to the action of the court in sustaining the objection to Ellington's proffered testimony.

██ The issue on trial in this case was whether or not appellant was guilty as a principal for his complicity in the murder of Ruby Nell Harris,—not in the shooting of Thomas Harris. Whether Leon Turner did or did not shoot Thomas Harris was not relevant to that issue, and it was not competent to contradict the witness upon an irrelevant matter. The rule in this connection was aptly stated by Judge Whitfield in Williams v. State, 73 Miss. 820, 824, 19 So. 826, 827: ██ "While the unsworn statement out of court may be used to contradict the sworn statement in court, whether the statement sought to be contradicted is made by the witness on his direct examination or on his cross-examination, in either case the statement in court must be one embodying a fact substantive in its nature, and relevant to the issue made in the case. And if such embodied fact be one not in its nature substantive, and so relevant to such issue, and therefore one which the cross-examining party could prove as a part of his case, then the unsworn statement out of court cannot be used to contradict the statement in court, though the cross-examining party may ask as to such unsworn statement, being bound by the answer."

There being no merit in the assignment, the judgment of conviction is affirmed.

Affirmed.